UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PAYTON THOMAS JARRARD,

    Petitioner,

  v.         CAUSE NO.: 3:19-CV-326-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

 Payton Thomas Jarrard, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 18-04-316) where a disciplinary hearing officer found him guilty of assault in violation of Indiana Department of Correction offense A-102. He lost 24 days earned credit time. Mr. Jarrard raises three grounds.

 In Ground One, he argues his rights against double jeopardy were violated because the same assault was used to support this prison disciplinary charge and a State court criminal case: 46D02-1805-F6-507. "[D]ouble jeopardy protections do not attach in prison disciplinary proceedings," Portee v. Vannatta, 105 F. App'x 855, 858 (7th Cir. 2004); *see also* Meeks v. McBride, 81 F.3d 717, 722 (7th Cir. 1996), so Ground One isn't a basis for habeas corpus relief.

 In Ground Two, he argues restitution for broken equipment wasn't properly assessed because State Form 39590 was never completed. In Ground Three he argues restitution payments can't be taken from his account because State Form 37520 wasn't properly completed. This is a habeas corpus case.

"Section 2254 is the appropriate remedy only when the prisoner attacks the fact or duration of 'custody.'" Sylvester v. Hanks, 140 F.3d 713, 714 (7th Cir. 1998). *See also* Sandin v. Conner, 515 U.S. 472, 487, (1995) (distinguishing between a prison disciplinary sanction that inevitably affects the duration of an inmate's sentence, and disciplinary sanctions - such as placement in disciplinary segregation - that do not affect the duration of his sentence). If Mr. Jarrard believes that the taking of his money to pay restitution violated his rights under the federal constitution, he will have to file a civil rights lawsuit on a Prisoner Complaint (INND Rev. 8/16) form which is available in his prison law library. Neither Grounds Two or Three are a basis for habeas corpus relief.

If Mr. Jarrard wants to appeal this decision, he doesn't need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See* Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). But he can't proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court: (1) DENIES the habeas corpus petition (ECF 1); (2) DIRECTS the clerk to enter judgment; and (3) DENIES Payton Thomas Jarrard leave to proceed in forma pauperis on appeal.

SO ORDERED on August 15, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT